# New Castle Wire Nail Company's Case.

*Corporations—Dissolution—Act of April* 9, 1856, *P. L.* 293.

The court of common pleas has jurisdiction to dissolve a corporation for profit organized under the act of April 29, 1874.

A decree of dissolution regularly entered against a manufacturing corporation will not be opened at the instance of a plaintiff in an action of trespass against the corporation pending at the date of the decree, on the ground that the petition for dissolution contained a false averment that the corporation had no debts, where it appears that the application to open the decree was not made for more than a year and eight months after the decree, and the applicant omits to give prima facie evidence of the liability on the part of the corporation, and does not show to the court the date when he obtained knowledge of the decree.

Argued May 17, 1901. Appeal, No. 147, April T., 1901, by Joseph Arthurs, from order of C. P. Lawrence Co., March T., 1899, No. 12, refusing decree to open dissolution in In re Application of New Castle Wire Nail Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition to open decree of dissolution.

The petition was as follows:

The petition of Joseph Arthurs respectfully represents:

That the New Castle Wire Nail Company did on February 17, 1899, present its application to your honorable court for a decree of dissolution of said corporation; that on February 20, 1899, the following decree of dissolution was made:

"And now, this 20th day of February, A. D. 1899, the petition of the New Castle Wire Nail Company for a decree of dissolution of the said corporation and the approval of the accounts

of the directors thereof having been duly presented, and proof having been made that notice of such application has been given by publication according to law, and it appearing by the proper certificates of the Auditor General, State Treasurer, and Attorney General, filed, that all taxes due the Commonwealth of Pennsylvania have been paid, and it further appearing that the prayer of the said petition may be granted without prejudice to the public welfare or the interests of the incorporators, it is on motion of D. B. & L. T. Kurtz, Esqs., for petitioners, ordered and decreed that the accounts of the directors of the said corporation, filed with the petition aforesaid, be and the same are approved and confirmed, and that the said corporation be and the same is hereby dissolved, and all and singular its powers, franchises and privileges, be and the same are hereby extinguished and determined. Provided, that this decree shall not go into effect until a certified copy thereof be filed and recorded in the office of the Secretary of the Commonwealth.

"By the Court,
"W. D. WALLACE, P. J."

That on the same day of the filing of said decree a statement was filed, signed: "New Castle Wire Nail Company, Edward King, Vice President," as follows: "The New Castle Wire Nail Company has no debts. There is due the New Castle Wire Nail Company on one account sixteen hundred and seventy-eight dollars and eighty-three cents ($1,678.83)."

Your petitioner further represents: That on October 00, 1895, he brought a suit in action of trespass for damages for personal injuries to your petitioner, against the New Castle Wire Nail Company, in the court of common pleas of Lawrence county, at No. 38, December term, 1895; that a summons was regularly issued and served on the New Castle Wire Nail Company; that said suit was regularly at issue.

Statement of plaintiff's claim filed, appearance of the defendant by attorney and plea of not guilty entered by attorneys for defendant in said suit. That on October 18, 1897, said case was put on the trial list for this trial at November court, 1897, and continued.

That your petitioner is a resident of Beaver county, Pennsylvania; that he had no knowledge whatsoever of the said

application for dissolution of said corporation; that his said suit was pending in your said court at the time of said application; that the statement in writing filed in your said court on the date of making said decree, that said corporation had no debts, was not true in fact, as it well knew of your petitioner's .claim; that said application for dissolution was without express notice to your petitioner, and without calling the court's attention to said pending suit, was a fraud on your petitioner and misled the court into making said decree; that the business of said corporation was not closed and settled at the time of its said application for dissolution, and that the alleged settlement of its accounts was without the knowledge of your petitioner, and does not settle all its debts and liabilities.

Wherefore, he prays that said decree of dissolution may be opened, set aside and reversed, and that your peititioner may be permitted to file exceptions and objections to such decree being made, and he will ever pray, etc.

The answer averred, inter alia, that at the time the petition for dissolution was presented, and the decree made, the attorney of record for Joseph Arthurs was in court, and made no objection to the granting of said decree.

The court discharged the rule to show cause.

*Error assigned* was the order of the court.

B. A. *Winternitz*, with him *Frank G. Blackstone* and *Aaron L. Hazen*, for appellant.—The court will not dissolve a corporation under the act of April 9, 1856, if the dissolution will prejudice the public welfare or the interest of the stockholders. The act seems to look to the dissolution of a corporation only when its affairs are all settled up, so that nothing remains to be done but to divide the effects among the stockholders: Credit Mobilier Case, 10 Phila. 2; 1 Weimer on Corporations, pp. 472, 473.

No decree can be regarded in its effect as final that has been obtained by fraud practiced by one of the litigating parties on the other: Doss v. Tyack, 14 Howard, 304.

The court may revoke a decree made under a mistake of fact and proceed to make a proper disposition of the case: Richland Township v. Jefferson Township, 6 W. N. C. 380; Bowman v. Forney et al., 15 Pa. C. C. Rep. 134.

Frauds upon courts or in obtaining judgments is sometimes committed and may be of such a nature as to render the judgment absolutely void, or at least to be set aside by a proper proceeding: Otterson v. Middleton, 102 Pa. 78; Hoffman v. Coster, 2 Wharton, 453–472.

*D. B. Kurtz,* with him *L. T. Kurtz,* for appellee.—The act of April 9, 1856, does not restrict the power of the courts of common pleas to dissolve corporations, to any class of corporations; and the act of July 18, 1863, for incorporating companies for mechanical and other purposes, expressly confers powers on those courts to dissolve such corporations.

It is the duty of the secretary of the commonwealth to file and record in his office the decrees of those courts dissolving such corporations: Commonwealth v. Slifer, 53 Pa. 71; 1 Weimer on Corporations, 464.

The question whether the prayer of a petition for the dissolution of a corporation may be granted without prejudice to the public welfare or the interests of the corporation is addressed largely to the sound discretion of the court having jurisdiction, and the exercise of that discretion will not be reversed by the appellate court: Titusville Oil Exch. Dissolution, 8 Pa. Superior Ct. 305; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Freeman v. Sanner, 11 Pa. Superior Ct. 42; Quinn's License, 11 Pa. Superior Ct. 554; Crawford v. Rath, 4 Pa. Superior Ct. 612; Kistler v. Scheirer, 10 Pa. Superior Ct. 220; Kelber v. Pittsburg National Plow Co., 146 Pa. 485.

OPINION BY RICE, P. J., October 14, 1901:

The decree of dissolution was entered on February 20, 1899. At this time Joseph Arthurs had an action of trespass for personal injuries pending and at issue against the corporation. On November 5, 1900, Arthurs presented his petition and thereupon was granted a rule " on parties interested " to show cause why the decree of dissolution should not be opened, set aside and reversed, and he be permitted to file exceptions and objections to such decree being made. The rule was served on former officers and stockholders of the corporation for whom counsel appeared de bene esse and filed an answer. The petitioner filed the ex parte affidavit of his attorney in reply to this

answer, and after hearing, no depositions being taken on either
side, the court discharged the rule.   Mr. Arthurs appealed from
this order, his only assignment of error being,  " The court erred
in refusing to open and strike off decree of dissolution."

The manner of dissolving a corporation is prescribed by the
Act of April 9, 1856, P. L. 293.   It is undisputed that courts
of common pleas have jurisdiction to dissolve such corpora-
tions as this (see Weimer on Corporations, sec. 423 and cases
cited) ; that the petition for dissolution was presented to the
court of common pleas of the proper county, was in due form
of law and contained all the averments necessary to give the
court jurisdiction ; that the presentation of the petition was
lawfully authorized by the stockholders at a meeting duly con-
vened ; that public notice by advertisements of the time and
place when it would be presented was duly given, as prescribed
by the act ; that all taxes due from the corporation to the com-
monwealth had been paid into the state treasury, and that a
certified copy of the decree was duly filed in the office of the
secretary of the commonwealth.   In short, it is not alleged
that there is any defect or irregularity apparent on the face of
the proceedings.   The appellant's claim to have the decree
opened or set aside is based solely on the ground that the de-
cree was obtained by fraud, because in the account filed at the
time the petition was presented and acted upon it was stated,
" The New Castle Wire Nail Company has no debts."   The
allegation that this was a fraudulent misrepresentation is based
solely on the fact that the petitioners' action of trespass was
pending.   But a disputed claim for damages sounding in tort
is not a debt before it is prosecuted to judgment ; and even if
it be granted that the term " debts " was used in an enlarged
sense to denote any kind of just demand, we are compelled to
say that there is not the slightest evidence that the representa-
tion was untrue, much less that it was fraudulently made.   The
appellant contented himself with showing that his action was
pending without attempting to show a prima facie liability of
the defendant in the action.   Again, when the rule was applied
for the corporation had been defunct for more than a year and
eight months, its corporate existence was extinguished, it had
surrendered its franchises to the state which granted them, and
the surrender had been accepted in the mode prescribed by the

state. The attempt is to revive a corporation previously actually dissolved. Has the court power to do this after the time for appeal has gone by? Certainly the act of 1856 does not give it. But if the court in the exercise of its equitable powers to open decrees and judgments could restore the corporation to life after such a lapse of time, could it do so upon the petition of a private citizen, without the intervention of or even notice to the representative of the commonwealth? These questions, it seems to the writer, are not free from difficulty. Granting, however, that both should receive affirmative answers, this is clear, that it is the duty of the petitioner to act with the greatest promptness after he has actual knowledge of the decree, and the burden of proving that he did so rests on his shoulders. The petitioner in the present case alleged that the application for dissolution was "without express notice" to him, and that he "had no knowledge whatsoever of the said application." In view of the lapse of time between the date of the decree and the presentation of his petition this was not enough; he ought to have gone further and shown when he obtained knowledge of the decree, in order that the court might determine whether he had acted with reasonable diligence. Moreover, it is admitted that his attorney had express notice of the decree at least a year before this rule was applied for. Upon the whole case, taking into consideration the appellant's omission to give prima facie evidence of a liability on the part of the corporation, and his failure to show affirmatively that he moved with due diligence, we cannot say that in discharging the rule the legal discretion of the court was improperly exercised. It is unnecessary to discuss other questions.

Order affirmed and appeal dismissed at the costs of the appellants.