## In re:   Dissolution of Ensign Oil Co.

*Corporations—Petition for dissolution—Act of April 9, 1856, P. L. 293—Court's power to vacate a decree procured by fraud—Laches.*

A court has inherent power and authority to vacate a decree for dissolution of a corporation which has been procured by fraud and misrepresentation.

A party delaying to start proceedings to revoke a dissolution decree is not guilty of *laches* where the delay is not unreasonable under the circumstances, and neither the corporation nor its stockholders have been harmed or prejudiced or have lost anything by the delay.

The Superior Court will not disturb the decree in a matter which rests in the sound discretion of the court below, unless there has been an arbitrary abuse of that discretion.

Argued April 22, 1925. Appeal, by Ensign Oil Company, from order of C. P. Butler Co., Ms. D., No. 26, December T., 1921, revoking decree of Dissolution on petition of William A. Wilson, attorney for S. H. Putnam. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

528    In re: DISSOLUTION OF ENSIGN OIL CO.

Petition for revocation of a decree of dissolution. Before Henninger, P. J.

The facts are stated in the opinion of the Superior Court.

The court revoked the decree. Ensign Oil Company appealed.

*Error assigned,* among others, was the order of the court.

*James M. Galbreath,* and with him *Joseph A. Beck* and *C. Hale Sipe,* for appellant.

*William A. Wilson,* of *Calvert, Thompson & Wilson,* and with him *Brandon & Brandon,* for appellee.

Opinion by Keller, J., July 9, 1925:

This is an appeal from an order of the Court of Common Pleas of Butler County revoking a decree of dissolution of the Ensign Oil Co., a trading corporation,— (entered under and by virtue of the Act of April 9, 1856, P. L. 293)—, on the ground that said decree had been obtained by fraud. The learned court below, after a full hearing, found that, in the petition praying for the decree of dissolution, the officers of the corporation had misrepresented to the court that it had no debts or liabilities, and that the decree would not have been entered had the court been in full possession of the facts known to the company's officers; that the withholding of the facts within the knowledge of the corporation petitioner's officers amounted to a legal fraud upon the court which made it its duty to vacate and set aside the decree.

We have no doubt of the inherent power and authority of a court to vacate and set aside a decree that has been procured by fraud upon it: Cochran v. Eldridge, 49 Pa. 365, 368, 369; and when the court below has determined that fraud has been practiced upon it in the securing of a decree, the appellate court must be satisfied of a clear

abuse of discretion before it will reverse the action of the lower court.

In this case, at the time the petition for a decree of dissolution was filed in the Court of Common Pleas of Butler County, there was pending an action in assumpsit against the corporation in Allegheny County upon two promissory notes executed by the corporation's officers, in the name and on behalf of the corporation, in the sum of $5,000. Judgment had been entered by the lower court in favor of the corporation defendant, but an appeal was then pending, had been argued before the Supreme Court, and was only awaiting a decision. Before a hearing, pursuant to law, was had on the petition for dissolution, the judgment of the Court of Common Pleas of Allegheny County was reversed by the Supreme Court and a new trial awarded, so that at the time of the hearing in the dissolution proceedings in Butler County there was a prima facie liability existing against the corporation of at least $5,000. The secretary of the corporation, who signed and swore to the petition praying for dissolution of the corporation, was a member of the bar of Butler County and one of the attorneys in the appeal to the Supreme Court, and must be presumed to have been aware of the result of the appeal. He admitted that he knew these notes were outstanding and that an action upon them was pending when the petition for dissolution was filed, and though liability was denied, it was unquestionably his duty to inform the court of the outstanding action upon the notes of the corporation and its status at the time of the hearing. His failure to do so, under the circumstances of the case, was found by the court below to be a legal fraud upon the court, irrespective of any actual intention to commit a fraud, and we are not disposed to quarrel with that finding.

Having obtained the decree of dissolution, it was used by the corporation's officers to procure a stay of the action pending in Allegheny County, on the ground that

the defendant corporation was no longer in existence.
The court below found that the circumstances were such
as to bear the interpretation that the decree of dissolu-
tion was obtained for the purpose of staying the litiga-
tion in Allegheny County, and held that it was not just
or equitable to allow the corporation to profit by a de-
cree obtained under the circumstances and for the pur-
pose above set forth.  We have carefully considered the
brief and argument of the learned counsel for the appel-
lant, though we do not deem it necessary to discuss in
detail the several questions raised.  We are of opinion
that the question whether the decree should be revoked
lay in the sound discretion of the court below; that the
evidence justified the findings of the court below on
which the order of revocation was based; and we find no
abuse of discretion in the action complained of.  The de-
lay in starting the proceedings to revoke the decree was
explained to the satisfaction of the court, which found
it not unreasonable in the circumstances here present,
and as it appears that neither the corporation nor its
stockholders have been harmed or prejudiced or have
lost anything by the delay, we will not disturb the find-
ing.  This was a voluntary proceeding for the dissolu-
tion of a corporation, in which the Commonwealth was
not concerned or interested.  Notwithstanding the sug-
gestion of Judge Rice in New Castle Wire Nail Com-
pany's Case, 18 Pa. Superior Ct. 257, we are of opinion
that, as no special rights of the Commonwealth were in-
volved in the proceedings or infringed by the action of
the court below, there was no reason why it should have
been made a party to the rule to vacate the decree.  It
has none of the elements of a quo warranto or proceeding
to forfeit a charter.  The Commonwealth committed jur-
isdiction of the dissolution proceedings to its judicial
arm, the Court of Common Pleas of Butler County.  In
entering the decree the court acted on behalf of the
Commonwealth, and having determined that the decree
was obtained by fraud, the court's action in revoking it

was likewise on behalf of the Commonwealth, which is interested in preserving the integrity of its courts. It is of no particular moment whether the order of revocation will result in any material advantage to the appellee or not. The order was entered not alone for the benefit of the creditor, but, as well, to vindicate the court's authority over its judgments and decrees and purge them of the slightest taint of fraud or deception.

The order is affirmed at the costs of the appellant.